UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | CAUSE NO. 2:16 CR 24 |
| | ) | |
| ZACHARY BERKSHIRE | ) | |

### GOVERNMENT SENTENCING MEMORANDUM

Comes now the United States of America by David A. Capp, United States Attorney, through Assistant United States Attorney Toi Denise Houston, for the Northern District of Indiana, and submits the requested Sentencing Memorandum:

I. Background

Between June 2014 continuing through August 2014, Defendant used a computer connected to the Internet and a cell phone to contact Jane Doe 1. Defendant knew Jane Doe 1 was a minor between 12 and 15 years old. Defendant knowingly contacted Jane Doe 1 with the intent to persuade Jane Doe 1 to engage in sexual activity. Defendant contacted Jane Doe 1 through Facebook and pretended to be "Joey." Defendant then contacted Jane Doe 1 via text messages and pretended to be "Brandon" who he said was a friend of "Joey." As "Brandon," Defendant contacted Jane Doe 1 via text message and

persuaded her to meet him at a park in Northwest Indiana. Defendant travelled to the park in Northwest Indiana for the express purpose of participating in a sexual activity with Jane Doe 1. At Defendant's direction, Jane Doe 1 met Defendant at the park where Jane Doe 1 performed oral sex on Defendant in his business vehicle for his sexual gratification. Defendant also digitally penetrated Jane Doe 1's vagina for his sexual gratification. Defendant knew Jane Doe 1 was under 15 years old.

Despite knowing that Jane Doe 1 was under the age of 15 and after he had sex with her in the park, Defendant continued to maintain contact with Jane Doe 1 via text message and Facebook. Between January 12, 2015 and January 14, 2015, Defendant sent text messages to Jane Doe 1 asking her to send him close-up images of her vagina. In response, Jane Doe 1 texted Defendant various photographs, including close-up images of her vagina which were produced using Jane Doe 1's cell phone. Defendant knowingly received and maintained these images of Jane Doe 1 on his business Apple iPhone. A portion of the text conversation between Defendant and Jane Doe 1 was as follows (the text messages from Jane Doe 1 is reflected as "Aaa":

> **Berkshire (XXX-XXX-9997):** "You never did take that sexy picture looking down your panties I asked for baby".
> **Aaa:** "I never will"
> **Berkshire (XXX-XXX-9997):** "I thought you like when I cum to your pictures".
> **Aaa:** "Ya but I'm stupid idk what u mean".

     **Berkshire (XXX-XXX-9997):** "Lol no your not".
     **Aaa:** "Ya I am".
     **Berkshire (XXX-XXX-9997):** "Unbutton your pants and pull your panties out so you can see down them and take a picture of it."

     **Berkshire (XXX-XXX-9997):** Your 13? Right? That's so hot
     **Aaa::** I'm 15
     **Berkshire (XXX-XXX-9997):** Oh…how old were you when you gave me head?
     **Berkshire (XXX-XXX-9997):** Still so sexy
     **Aaa:** I was 14

   Attached to these text conversations between Defendant and Jane Doe 1 were several pictures of Jane Doe 1. Some of the pictures depicted Jane Doe 1 fully clothed, some depicted Jane Doe 1 displaying her breasts, and 1 depicted Jane Doe 1 displaying her vagina.

   Defendant targeted a second victim, Jane Doe 2. On August 12, 2013, Defendant recorded Jane Doe 2 without her knowledge or permission. Defendant knew that Jane Doe 2 was under the age of 16 years old when he recorded her. Jane Doe 2 was spending the night at Defendant's home and was a minor under the age of 16 years old. With respect to Jane Doe 2, Defendant placed a hidden camera underneath some towels in the bathroom in his house. The hidden camera recorded Jane Doe 2 preparing or ending a bath. Defendant knowingly recorded Jane Doe 2 with the express purpose and intent of obtaining sexually explicit footage of Jane Doe 2. Defendant knowingly transported the sexually explicit footage of Jane Doe 2 through his

personal email address at Yahoo.com. Defendant transported and transmitted the sexually explicit footage of Jane Doe 2 to another individual. The footage showed side views of Jane Doe 2's breast as well as her vagina.

Defendant was 31 years of age when he persuaded and enticed Jane Doe 1 to meet him at a park in Northwest Indiana where she performed oral sex on him while he digitally penetrated her vagina. Defendant was 31 years of age when he persuaded and enticed Jane Doe 1 to send him sexually explicit photographs of her vagina. Jane Doe 1 was 13 years of age during this time frame. Defendant was 30 years of age when he recorded Jane Doe 2 in his bathroom without her knowledge and subsequently sent the video footage to another individual using the Internet.

In pleading guilty to the criminal charges, Defendant has accepted responsibility for his criminal actions. Moreover, Defendant's acceptance of his criminal conduct, in which he targeted young girls, allows the victims the opportunity to avoid further victimization as now they have the *choice* of whether or not to testify before this Court.

## II.    Terms of Incarceration

The United States has read the Final Presentence Investigation Report (hereinafter "PSR") prepared by United States Probation/Pretrial Services Officer Sanjin Bosnjak on April 22, 2016 with an Addendum dated the same date. The PSR provides that the defendant faces the following statutory

maximum terms based upon pleading guilty: Count 1, Enticement of a Minor Child in violation of 18 U.S.C. §2422(b) is 10 years to Life; Count 2, Production of Child Pornography in violation of 18 U.S.C. §2251(a) and (e) is 15 years to 30 years; and Count 3, Production of Child Pornography in violation of 18 U.S.C. §2251(a) and (e) is 15 years to 30 years. Pursuant to the guidelines, the PSR advises that the defendant has a total offense level of 43, a criminal history category of I, and a guideline range of life.

### III. Probation

Pursuant to 18 U.S.C. § 3561(a)(2) and U.S.S.G. §5B1.1(b)(2), the defendant is *ineligible* for probation because it is expressly precluded.

### IV. Supervised Release

The United States concurs with the calculations of the PSR which advises that the maximum term of supervised release is 5 years to Life pursuant to 18 U.S.C. § 3583(k) and U.S.S.G. §5D1.2(b)(2).

### V. Restitution

The details of the restitution will be submitted in a sealed pleading to the Court and has been provided to Defendant, through counsel, as well as to the United States Probation Office.

VI. <u>Fine</u>

The fine is a maximum of up to $250,000.00 pursuant to 18 U.S.C. § 3571(b) and U.S.S.G. §5E1.2(c)(3) and §5E1.2(h)(1). Based upon the nature of the offense, the United States is requesting a fine of $25,000.00.

VII. <u>Special Assessment</u>

The special assessment is a mandatory payment for which all defendants are required to pay pursuant to Title 18, United States Code, Section 3013. In the aforementioned criminal case, the defendant is required to pay a special assessment of $100.00 per count for a total special assessment of $300.00.

VIII. <u>Conclusion</u>

The defendant has pled guilty to Count 1 as charged within the Indictment. The plea agreement reflects the seriousness of the crimes and an appropriate sentence based upon the defendant's criminal conduct. The United States respectfully requests that the Court accept the plea agreement submitted by the parties.

              Respectfully submitted,

              DAVID A. CAPP
              UNITED STATES ATTORNEY

           By:  */s/ Toi Denise Houston*
              Toi Denise Houston
              Assistant United States Attorney

## Certificate of Service

I hereby certify that on May 22, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Toi Denise Houston
Toi Denise Houston
Assistant United States Attorney
