UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16 CR 24 |
| | ) | |
| ZACHARY D. BERKSHIRE, | ) | |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, by and through counsel, Bryan M. Truitt, and joins in the government's request, pursuant to the non-binding agreement in the previously submitted plea agreement to sentence the Defendant to a term of thirty (30) years in the Bureau of Prisons and in support thereof states as follows;

A thirty (30) year sentence adequately addresses the concerns of *8 USC 3553(a)* without being greater than necessary.

There is no dispute that the circumstances of these offenses are egregious. They are serious and a thirty (30) year (25 ½ actual years) sentence reflects that. At the same time, the Defendant's conduct certainly is far from the worst that this Court has seen. Although not mitigating the acts, the Defendant's conduct does not go much beyond that what is required to violate the statutes.

His good employment history, relatively inconsequential prior criminal history, the effect of his incarceration on his dependants all weigh in his favor. That his crimes are a direct result of his substance abuse and sex addiction also counsel leniency. In short his personal characteristics, other than the offense conduct, are positive.

1

A thirty (30) year sentence will provide direct deterrence, as for parts of three (3) decades he will be unable to re-offend; which too serves to protect the public.  Upon his release he will be of an age that makes a new similar offense unlikely or impossible.  To the extent that there is any sentence that would deter (or even affect) others' conduct, such a sentence would send a strong message.

As the government notes, this sentence prevents the victims from having to publicly testify and exposure.  The absence of a trial does provide a measure of restitution to the victims and their families.  Given the advisory guideline sentence of life, the self-interests of the Defendant, absent an agreed sentence, would be to proceed to trial---he did not which represents extraordinary acceptance of responsibility.

Sex offender treatment while in the Bureau of Prisons will provide for the Defendant's rehabilitative and treatment needs.  If thirty (30) years cannot accomplish that, thirty one (31) years won't add any greater benefit.  Lifetime supervised release also furthers these goals.

The government and the defense know this case and the ancillary issues (victims wants and needs, the Defendant himself and his family, evidentiary issues…etc) better than anyone else.  Both sides agree that in consideration of all issues and facts, a thirty (30) year sentence is appropriate.  Such a sentence accomplishes justice, all things considered.  The Defendant requests the Court sentence him accordingly.

Respectfully Submitted,

/s/ Bryan M. Truitt
Bryan M. Truitt, Atty. #20684-64
Bertig & Associates, LLC
121 E. Lincolnway
Valparaiso, Indiana 46383
Phone: (219) 462-4149
Fax: (219) 477-4932
bryan@tblawyers.com

2

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant does hereby certify that a copy of the foregoing was served on counsel of record via the District Court's CM/ECF system on May 24, 2016.

/s/ Bryan M. Truitt
Bryan M. Truitt; 20684-64